**HEARING: SEPTEMBER 29, 2016 AT 10:00 A.M. ET**
**OBJECTION DEADLINE: SEPTEMBER 22, 2016 AT 4:00 P.M. ET**

DENTONS US LLP
D. Farrington Yates
Oscar N. Pinkas
T. Carter White
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
Fax: (212) 768-6800

*Counsel for Loes A. van Kooten-Hendriks, in her capacity as Foreign Representative and Insolvency Administrator of Upper Deck International B.V.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>UPPER DECK INTERNATIONAL B.V.,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 12-14294-smb |

### MOTION FOR ENTRY OF AN ORDER CLOSING THE CHAPTER 15 CASE

Loes A. van Kooten-Hendriks (the "Foreign Representative"), in her capacity as duly authorized Insolvency Administrator and Foreign Representative of Upper Deck International B.V. ("UDI" or the "Debtor") in the above-captioned chapter 15 case, by and through her United States counsel, Dentons US LLP, hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), closing the chapter 15 case. In support of the Motion, the Foreign Representative respectfully states as follows:

### JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b), 28 U.S.C. §§ 157(a) and (b), the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J., S.D.N.Y.), and section 1501 of title 11 of the United States Code

(the "Bankruptcy Code").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. §§1408, 1409, and 1410.

2. The statutory predicates for the relief requested herein are sections 105, 350(a), and 1517, of the Bankruptcy Code, as well as Rule 5009(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 5009-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## BACKGROUND

3. For further background, the Foreign Representative respectfully refers the Court to the (i) *Verified Petition For Recognition Under Chapter 15 and for Additional Relief Under 11 U.S.C. § 1521* (the "Verified Petition") [Docket No. 2], the (ii) *Joint Declaration of Loes A. van Kooten-Hendriks and Andreas J.A. Jansen In Support of Verified Petition for Recognition Under Chapter 15 and for Additional Relief Under 11 U.S.C. § 1521* [Docket No. 3], and the (iii) *Supplemental Declaration of Andreas J.A. Jansen in Support of Verified Petition for Recognition Under Chapter 15 and for Additional Relief Under 11 U.S.C. § 1521* [Docket No. 4] for more details.

4. UDI is a private limited liability company organized under Dutch law that was in the business of, *inter alia*, (i) publishing, producing and distributing, as well as wholesale trading in, sports and amusement cards and stickers, in particular collectable trading cards, and (ii) acquiring, holding and/or capitalizing upon patents, trade names, trademarks, systems, processes, licenses, know-how, copyrights, royalties and other rights of intellectual and/or industrial property, as well as granting licenses to such rights.

5. UDI is the subject of an insolvency proceeding in The Netherlands, Case No. 12/98 F (the "Dutch Insolvency Proceeding").  On February 14, 2012, the District Court of Amsterdam, The Netherlands (the "Dutch Court"), entered a judgment, which, among other

things, declared UDI insolvent and appointed the Foreign Representative as the duly authorized Insolvency Administrator.

6. Under Court supervision, the Foreign Representative has been winding down UDI's business and collecting and liquidating its assets for the benefit of creditors since her appointment.

7. On October 18, 2012, the Foreign Representative filed the Verified Petition seeking recognition of the Dutch Insolvency Proceeding as a "foreign main proceeding" under Chapter 15 of the Bankruptcy Code. On November 20, 2012 this Court entered an order granting the Verified Petition and recognizing the Dutch Insolvency Proceeding as a "foreign main proceeding."

8. UDI's known U.S. assets consisted solely of claims against (i) its U.S. affiliates and Richard P. McWilliam (together, "McWilliam"), and (ii) Hasbro, Inc. ("Hasbro").

9. UDI's claims against McWilliam were resolved pursuant to a settlement agreement dated April 10, 2014 (the "McWilliam Settlement"). UDI's claims against Hasbro were resolved pursuant to a settlement agreement dated April 6, 2016 (the "Hasbro Settlement" and together with the McWilliam Settlement, the "Settlements").

10. With consummation of the Settlements, UDI's known U.S. assets have been fully monetized and administered, and the Foreign Representative now seeks to close this case.

## REQUESTED RELIEF

11. By this Motion and pursuant to sections 105, 350(a), and 1517 of title 11 of the Bankruptcy Code as well as Rule 5009(c) of the Bankruptcy Rules, the Foreign Representative requests that the Court enter the Proposed Order closing the case.

3

**BASIS FOR REQUESTED RELIEF**

12. Section 1517 of the Bankruptcy Code provides that a case under chapter 15 may be closed in the manner prescribed under section 350. 11 U.S.C. § 1517(d). Pursuant to section 350 of the Bankruptcy Code, a bankruptcy case may be closed "[a]fter an estate is fully administered." 11 U.S.C. § 350(a).

13. Under Bankruptcy Rule 5009(c), the Foreign Representative shall "file a final report when the purpose of the representative's appearance in the court is completed. The report shall describe the nature and results of the representative's activities in the court." Following the filing of such report, a presumption shall arise that the case has been fully administered if no objections are filed within 30 days in response to the foreign representative's final report.

14. As of the date hereof, the Foreign Representative has fulfilled the purposes of her appearance before the Court. As detailed above, the only two known U.S. assets of UDI, the claims against McWiliiam and Hasbro, have been monetized and resolved through the Settlements. Net proceeds of those Settlements were distributed in the Dutch Insolvency Proceeding. Furthermore, in compliance with Bankruptcy Rule 5009(c), the Foreign Representative is concurrently filing a final report, which the Court should recognize as a final report sufficient to close these cases (the "Final Report"). The Final Report describes the nature and results of the Foreign Representative's activities in the U.S. In addition, the Foreign Representative, contemporaneously herewith, is providing service consistent with the requirements of Bankruptcy Rule 5009 and will certify the provision of proper service to the Court. The requisite parties are being served and notified that they can object to the closure of this chapter 15 case.

15. The Foreign Representative does not expect any objections, and so expects to file a certification indicating that no objections were received in response to the Motion (the

"Certificate of No Objection"). Assuming no objections are received, the Certificate of No Objection will be filed following the deadline to object to this Motion.

16. Upon the filing of the Certificate of No Objection, this case will be presumed fully administered pursuant to Bankruptcy Rule 5009(c) and should be closed. Thus the Foreign Representative requests that this case be closed at that time subject to reopening to "accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

## NOTICE

17. Notice of the Motion has been provided to (i) Hasbro, (ii) McWilliam, (iii) ABN AMRO, (iv) the Office of the United States Trustee for the Southern District of New York, (v) the Securities and Exchange Commission, (vi) the Internal Revenue Service, (vii) the United States Attorney for the Southern District of New York, (viii) Mr. N. Blauw, former Chief Executive Officer of UDI, (ix) the administrator of the probate estate of Mr. Richard McWilliam, former controlling shareholder of UDI, (x) any entity, directly or indirectly, known to be affiliated to UDI, (xi) all creditors listed in the provisional list of creditors in the Dutch Insolvency Proceeding, (xii) Seven Towns Ltd., (xiii) all parties who have requested electronic notice of filings in these cases through the Court's CM/ECF system, and (xiv) all known creditors in the United States. The Foreign Representative believes such notice complies with the Bankruptcy Rules and the Local Rules, and constitutes adequate and sufficient notice of the relief requested in the Motion and the entry of the Proposed Order.

99604508\V-3

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Proposed Order and grant the Foreign Representative such other and further relief as the Court deems appropriate.

<table>
<tr>
<td>Dated: August 15, 2016<br>New York, New York</td>
<td>Respectfully Submitted,<br><br>DENTONS US LLP<br><br>By:     /s/ D. Farrington Yates<br>D. Farrington Yates<br>Oscar N. Pinkas<br>T. Carter White<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Tel: (212) 768-6700<br>Fax: (212) 768-6800<br><br>*Counsel for Loes A. van Kooten-Hendriks, in her capacity as Foreign Representative and Insolvency Administrator of Upper Deck International B.V.*</td>
</tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion and the Final Report has been served as stated in the Motion upon the persons entitled to notice by either U.S. first class mail or international mail, postage prepaid, or by electronic notification through the Court's CM/ECF system on August 15, 2016.

                                                                                             */s/ Oscar N. Pinkas*
                                                                                              Oscar N. Pinkas